UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 08-00222 WHA |
| | ) | |
| | ) | No. CR 14-MJ-70731 MAG |
| v. | ) | |
| | ) | |
| LUKE BRUGNARA, | ) | **ORDER OF DETENTION** |
| | ) | |
| Defendant. | ) | |

These related matters came before the Court on May 30, 2014.   In CR 08-222 WHA, Defendant Luke Brugnara was convicted of three counts of filing a false tax return and sentenced on May 24, 2010 to 30 months custody.   He is currently on supervised release as a result of that conviction.   On May 28, 2014, Defendant made an initial appearance on a criminal complaint charging him with committing mail fraud in April and May 2014.   Based on the government's proffer, the Court ordered Defendant detained pending a detention hearing on Friday, May 30, 2014. In the meantime, the Probation Department submitted a Form 12 in CR 08-222 WHA charging Defendant with violating the terms of his supervised release based on the mail fraud

charged in the complaint. Defendant made his initial appearance on the Form 12 on May 30, 2014. Defendant was represented by Elizabeth Falk of the Federal Defenders Office and the Government was represented by Douglas Sprague.

Pretrial Services submitted a report to the Court and the parties that recommended detention. The government renewed its motion for detention, and Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the May 28 and May 30 hearings.

Because Defendant is charged with a supervised release violation, he bears the burden of establishing by clear and convincing evidence that he is not a flight risk or a danger to the community. Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143; *United States v. Clanton*, 2013 WL 5958147 *2 (N.D. Cal. Nov. 7, 2013). Defendant proposes that he be released to a halfway house. The Court finds that he has not met his burden.

With regard to a danger to the community, District Judge William Alsup found in March 2011 that Defendant "has a history of doling out threats of violence, and several individuals have obtained restraining orders against him." (CR 08-0222 WHA, Dtk. No. 163.) This Court makes the same finding based on the Government's proffer at the May 28 and May 30 hearings. This Court's finding that Defendant has not established that release to a halfway house would sufficiently mitigate any danger to the community is also based upon the Court's personal observation of Defendant's demeanor at the May 28 and May 30 hearings. Further, at this time Defendant is unable to offer any sureties.

With regard to a risk of non-appearance, the Court does not find that Defendant will not appear at court as ordered. He has long-standing ties to this community and has always made his many prior court appearances. The Court does find, however, that he is not amenable to supervision, that is, he has not demonstrated he will comply with the other terms of his supervised release; in particular, he has not demonstrated that he is able to comply with the strict rules of the halfway house. Again, this finding is based in part on the Court's observation of Defendant's demeanor. In addition, on October 13, 2013, Defendant admitted to having violated the terms of

his supervised release.  (*Id.* Dkt. No. 231.)   Specifically, he admitted to two counts of failing to truthfully answer inquiries by the probation officer and was sentenced to an additional year of supervised release. (*Id.*)   The conduct at issue in the criminal complaint and the Form 12 are similar to the previous violation in that it, too, involves misrepresentations.   And, finally, Defendant does not have any sureties at this time.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility;

2. Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendants are confined shall deliver defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

IT SO ORDERED.

Dated: May 30, 2014

HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge